918

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINO GREEN, True Name HENRY DUNN, Appellant.— Judgment, Supreme Court, New York County, rendered on July 19, 1972, convicting defendant, upon his plea of guilty of criminal possession of a dangerous drug in the third degree and sentencing him to an indeterminate prison sentence not to exceed five years, and order of said court entered on May 16, 1972, denying defendant's motion to suppress, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Tilzer, JJ.

■ LUISA MALDONADO, as Administratrix of the Estate of HECTOR MALDO-NADO, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Order, Supreme Court, Bronx County, entered August 22, 1972, as resettled by order entered December 14, 1972, which denied the motion of the plaintiff to vacate her default in serving the complaint and granted defendant's cross motion to dismiss the complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, with $60 costs and disbursements to abide the event, the motion to vacate the default granted and the cross motion to dismiss denied. The plaintiff's decedent, one Hector Maldonado, received a one half-inch stab wound which was allegedly nonvital. He received emergency treatment at Lincoln Hospital. He was transferred to Jacobi Hospital where exploratory surgery was performed resulting in negative findings. He was discharged from the hospital with an eight-inch open wound. Within a few hours of his discharge he was admitted to the Veterans Administration Hospital. Hector Maldonado died 20 days later. A notice of claim was timely filed with the city on September 5, 1969. A motion for discovery and inspection of the hospital records in order to frame a complaint was made but denied by Special Term. A summons was served on August 21, 1970 without a complaint. On August 24, 1970 a notice of appearance and demand for a complaint was served. Plaintiff served a complaint on June 7, 1972, which was rejected by the city as untimely. In view of the difficulties of the plaintiff in obtaining sufficient medical information which was caused in large part by the obstructionism of the defendant and in view of the lack of any prejudice shown by the defendant, it was an improvident exercise of discretion to deny relief to the plaintiff. Appeal from order, Supreme Court, Bronx County, entered October 10, 1972, denying reconsideration, unanimously dismissed as academic, without costs and without disbursements. Concur — Nunez, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.

■ METROPOLITAN BAPTIST CHURCH, INC., Appellant, v. CONNIE S. STAMPS, Respondent.— Order and judgment of the Supreme Court, New York County, entered on January 22, 1973 and February 14. 1973, respectively, denying plaintiff's motion for a preliminary injunction and granting defendant's cross motion to dismiss the complaint, and order of said court entered on February 8, 1973, denying plaintiff's motion for a rehearing, unanimously affirmed, without costs and without disbursements. Our affirmance of the judgment dismissing the complaint is also without prejudice, as the Justice at Special Term noted, to any appropriate relief available to an individual church member or trustee. Concur — Stevens, P. J., Nunez, Murphy, Tilzer and Capozzoli, JJ.