■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINO GREEN, True Name HENRY DUNN, Appellant.—Judgment, Supreme Court, New York County, rendered July 19, 1972, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a dangerous drug in the third degree, reversed on the law; the order of the court, dated January 24, 1975, denying defendant's motion to suppress, reversed, on the law, and the motion granted and the indictment dismissed. Two search warrants had been obtained relating to four apartments located in Manhattan, based on observations at the premises and further information supplied by an undisclosed informant. One of the warrants related to defendant's apartment and authorized an immediate search of the premises "occupied by 'Vino' [Green] and of the person of 'Vino.' " Another warrant authorized the search of the premises and person of Betty Lucas. After issuance of the warrants, Detectives Roche and Cruz and Patrolman Sheehan went to the apartment building of Lucas to execute that warrant. When in the hallway, they saw Green leaving the Lucas apartment. Patrolman Sheehan approached the defendant, advised him that he had a search warrant, and then searched the defendant, recovering from his person a single packet of white powder, which powder later proved to be heroin. Defendant was arrested and charged with criminal possession of a dangerous drug in the third degree. A motion to suppress this evidence was denied and the defendant then pleaded guilty to the crime charged. We unanimously affirmed the conviction without opinion (People v Green, 41 AD2d 918). However, the Court of Appeals (in a 4 to 3 decision) determined that the search of Green, taking place as it did beyond the "threshold" of the Lucas premises, exceeded the "clearly defined scope of both * * * warrants." The case was remitted to Supreme Court, New York County, for a hearing to determine if probable cause independent of the warrants existed, which would justify the search as incident to a lawful arrest (People v Green, 33 NY2d 496, 500). On remittitur, the court, after a hearing, found that there was no independent probable cause to arrest Green, but sustained the validity of the arrest on the theory of inevitable discovery. It is important to note that independent probable cause can be found neither on the basis of knowledge imparted by the confidential informant nor on the basis of the observations made of the Lucas or Green premises. We are precluded from using these bases by the

majority opinion in the Court of Appeals *(People v Green,* 33 NY2d 496, *supra),* which found no fault with the warrants issued in reliance on just that information, but nonetheless remitted for further hearings to determine if there were facts extant to establish *independent* probable cause to validate the arrest. No such further facts were found, and we therefore agree with the conclusion of the hearing Judge that no independent probable cause existed. We do not agree, however, that the doctrine of inevitable discovery may be applied in the case at bar. This doctrine has been described by Chief Judge Fuld as involving "evidence obtained as a result of information derived from an unlawful search or other illegal police conduct * * * where the normal course of police investigation would, in any case, even absent the illicit conduct, have inevitably led to such evidence [citations omitted]" *(People v Fitzpatrick,* 32 NY2d 499, 506). It is clear that the officers could have entered the Lucas apartment whether or not the defendant was first detained since their authority to enter stemmed from a valid search warrant. However, Green was indicted for possessing a packet of heroin which was found on his person, and not for possession or ownership of any items found in the Lucas apartment. The only way the police could have obtained the packet from the person of the defendant (absent its abandonment by him or his voluntarily surrendering it to the police) would be by detention of the defendant and search of his person. The search of Green, therefore, would not have been inevitable and is ineluctably related to his illegal detention and search by the police. We are therefore constrained to conclude that, since there was no probable cause to arrest the defendant, and since the doctrine of inevitable discovery is inapplicable, the denial of the motion to suppress must be reversed and the indictment dismissed. Concur—Stevens, P. J., Lupiano and Lane, JJ.; Kupferman, J., dissents and would affirm on the opinion of Lang, J. (80 Misc 2d 626).